# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH N. MILLER,<br><br>               Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation;<br><br>               Defendant. | **8:18CV149**<br><br>**AMENDED ORDER SETTING FINAL SCHEDULE FOR PROGRESSION OF CASE** |

      This matter came before the court on the "Joint Motion to Amend Dates in the Court's 9-7-18 Order for Setting Final Schedule for Progression of Case" ([Filing No. 27](#)). After review of the motion, the Court finds good cause to extend the case progression deadlines. Accordingly,

      **IT IS ORDERED** that the parties' Joint Motion to Amend Dates ([Filing No. 27](#)) is granted, and the follow case progression deadlines shall apply:

      1.    **Motions to Dismiss and Motions for Summary Judgment.** Motions to Dismiss and/or Motions for summary judgment shall now be filed not later than **May 30, 2019**. *See* NECivR [56.1](#) and NECivR [7.1.](#)

      2.    **Discovery Deadlines:**

          a.  **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **April 30, 2019**.

          b.  **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be **served by April 30, 2019**. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; **any request to extend the deadlines of this order shall be sought by motion**.

          c.  **Discovery Motions.** Discovery motions shall be filed not later than **April 30, 2019,** as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline. Counsel are reminded of the provisions of NECivR [7.1](#)(i). Motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference to discuss the parties' dispute.

3. **Disclosure of Expert Witnesses.**[1]  Each plaintiff, counter-claimant, and cross-claimant shall identify expert witnesses and shall serve expert reports by **May 15, 2019**.  Each defendant, counter-defendant, and cross-defendant shall identify expert witnesses and shall serve expert reports by **June 17, 2019**.  If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-claimant may disclose additional expert witnesses not later than **July 1, 2019**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions.  Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e).  The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

4. **Pretrial Disclosure deadlines remain set for August 9, 2019.**  See Filing No. 26.

5. **Motions in Limine.**

    a. The deadline to file *Daubert* motions in limine is extended to **July 1, 2019**.

    b. Any other motions in limine shall be filed on or before **August 16, 2019**.

6. The **Final Pretrial Conference** with the undersigned magistrate judge remains set for **August 23, 2019, at 10:00 a.m.** in my chambers.

7. The **five (5) day jury trial** remains set to commence, at the Court's call, during the week of **September 9, 2019**, in **Omaha**, Nebraska, before the **Honorable Robert F. Rossiter, Jr.**, United States District Judge.

8. **Motions to Alter Dates.**  All requests for changes of deadlines or settings established herein shall be directed to the assigned magistrate judge by appropriate motion, including all requests for changes of trial dates.  Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 15th day of January, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in the case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).